# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ERNEST L. WILLIAMS,                                    Civil Action No. 1:04-cv-783
      Petitioner,

                                     Spiegel, J.

  vs.                                              Hogan, M.J.


ERNIE MOORE, WARDEN,                                   **REPORT AND**
      Respondent.                                **RECOMMENDATION**


      Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition (Doc. 1) and respondent's return of writ and exhibits thereto. (Doc. 5).


## I. PROCEDURAL HISTORY

      Petitioner was indicted by the August 2001 Term of the Hamilton County, Ohio Grand Jury on one count of Aggravated Murder in violation of Ohio Revised Code § 2903.01(B) with specifications, one count of Murder in violation of Ohio Rev. Code § 2903.02(B) with specifications, two counts of Aggravated Robbery in violation of Ohio Rev. Code § 2911.01(A) (1) with specifications and two counts of Robbery in violation of Ohio Rev. Code § 2911.02 (A) (2). (Doc. 5, Exh. 1). Petitioner initially entered a plea of not guilty. Thereafter, petitioner withdrew his not guilty plea and pled guilty to one count of involuntary manslaughter with one firearm specification and two counts of aggravated robbery with two firearm specifications. (Doc. 5, Exh. 2). On January 25, 2002, petitioner was sentenced to ten years for the involuntary manslaughter conviction consecutive to two concurrent five-year terms for the aggravated robbery convictions. The three firearm specifications were merged into one three-year term to

be served prior to and consecutive to the sentences on each count.  Petitioner received a total sentence of eighteen years. (Doc. 5, Exhs. 3, 4).

On February 6, 2002, petitioner filed a pro se notice of appeal. (Doc. 5, Exh. 5).  On February 22, 2002, petitioner, now represented by counsel, filed a notice of appeal. (Doc. 5, Exh. 6).  The Ohio Court of Appeals sua sponte consolidated the two appeals on April 12, 2002. (Doc. 5, Exh. 7).  Petitioner filed his appellate brief raising one assignment of error: "The trial court erred in sentencing Williams to consecutive and non-minimum prison terms without making the necessary findings on the record." (Doc. 5, Exh. 8).  The State filed its brief in opposition and on August 27, 2003, the First District Court of Appeals dismissed the appeal for lack of jurisdiction, finding:

> In a single assignment of error, Williams maintains that the trial court erred in imposing consecutive and maximum sentences without making the statutorily required findings. This court is barred from addressing the merits of this argument.
>
> R.C. 2953.08(D) precludes appellate review of a sentence imposed upon a defendant when the "sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge."
>
> Ohio courts have uniformly held that a sentence is "authorized by law" for purposes of Section 2953.08(D) so long as the prison term imposed does not exceed the statutorily prescribed maximum term for the offense. [*See State v. Rhodes*, 7th Dist. No. 2000-CO-60, 2002 Ohio-3056, as cited in the footnote.] The plea agreement in this case reflected that Williams was pleading guilty to two counts of aggravated burglary and one count of involuntary manslaughter, all felonies of the first degree. [*See* R.C. 2911.01(A)(1) and 2903.04(B), as cited in the footnotes.] The maximum allowable prison term for a felony of the first degree is ten years. [*See* R.C. 2929.14(A)(1), as cited in the footnote.] According to the plea agreement, Williams' sentence for each sentence did not exceed ten years. Since the agreed sentences were within the permissible statutory range, those prison terms were "authorized by law" pursuant to R.C. 2953.08(D). [*See State v. Johnson*, 2nd Dist. No. 2000-CA-46, 2001 Ohio 7023, as cited in the footnote.]

2

> The record also reflects that the sentence was recommended jointly by the defendant and the prosecution. Williams, his attorney and the prosecuting attorney each signed the agreement, which set forth the specific prison term for each conviction and included a provision making the involuntary-manslaughter sentence consecutive to the aggravated–robbery sentences and the specification sentence. Further, the trial court made sure that Williams understood the agreement and had made the agreement voluntarily before imposing the prison terms set forth in the agreement.

(Doc. 5, Exh. 10).

On September 2, 2003, petitioner filed an application to reconsider. (Doc. 5, Exh. 11). The State filed a response. (Doc. 5, Exh. 12).  The Ohio Court of Appeals overruled the application to reconsider, finding that the application not well taken. (Doc. 5, Exh. 12).

Petitioner, through counsel, timely filed an appeal to the Supreme Court of Ohio on October 3, 2003 (Doc. 5, Exh. 14), presenting the following proposition of law: "A plea agreement does not relieve the trial court of its duty to make statutorily enumerated findings pursuant to R.C. §§2929.14(E), 2929.19(B)(2)(c)." (Doc. 5, Exh. 15).  The State filed a memorandum in response (Doc. 5, Exh. 16), and on November 26, 2003, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 5, Exh. 17)

On September 29, 2004, petitioner filed a pro se motion to withdraw his guilty plea in the trial court arguing that he should be permitted to withdraw his plea to prevent a "manifest injustice" because one of his co-defendants received a sentence totaling five years less than that of petitioner. (Doc. 5, Exh. 18).  The State opposed his motion. (Doc. 5, Exh. 19).  The trial court denied the motion on October 12, 2004. (Doc. 5, Exh. 20).

On October 26, 2004, petitioner filed a timely pro se notice of appeal from the denial of his motion to withdraw his guilty plea. (Doc. 5, Exh. 21).  On January 3, 2005, petitioner filed a

pro se brief in his appellate case, arguing that he was denied his right to withdraw his guilty plea

and that his trial counsel was ineffective and mislead him into entering the plea agreement. (Doc.

5, Exh. 22).  As of the date of filing the Return of Writ, petitioner's appeal was still pending.

(Doc. 5, Exh. 23).


## II.  PETITIONER'S FEDERAL HABEAS CORPUS PETITION

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this Court raising three

grounds for relief:

**Ground One:** The trial court erred in sentencing petitioner to consecutive and
non minimum prison terms.

Supporting Facts: The trial court failed to prepare and journalize. Neither the
record nor transcript included any trial court findings nor a sentencing worksheet.
More often its at the sentencing hearing that the court shall impose a sentence and
make a finding that gives its reason of selecting the sentence imposed.

**Ground Two**: The trial court failed to place the statutorily required findings on
the record.

Supporting Facts: The trial court included its reasons for Consecutive sentence in
the court documents, but didn't announce them in the court. A maximum sentence
or consecutive sentence are not authorized by statute and ought to be vacated.

**Ground Three**: The trial [court] failed to orally state its felony sentencing
findings on the record.

Supporting Facts: Since the trial court failed to place the statutorily required
felony sentencing findings (sic).  Mr. Williams feels that his rights was violated
by law, the court judge made up a sentence for Mr. Williams to serve. The judge
didn't sentence Mr. Williams by any guidelines, before he sentenced Mr.
Williams to serve (18) years.


(Doc. 1).

**III.  GROUNDS ONE, TWO AND THREE OF THE PETITION ARE NOT COGNIZABLE IN HABEAS CORPUS AND IN ANY EVENT ARE PROCEDURALLY DEFAULTED AND WAIVED.**

As an initial matter, the claims alleged in Grounds One, Two and Three of the petition are not cognizable in habeas corpus.  Petitioner contends the trial court erred in sentencing him to consecutive, non-minimum sentences and that the court failed to make findings on the written as well as oral record in accordance with Ohio statutory requirements.  Petitioner, in effect, argues that the trial court violated state law when sentencing him.  However, there is no federal constitutional right to compel a state court to follow procedures that are established by state law.  A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984).  "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  Petitioner's claim that the trial court failed to follow Ohio statutory requirements is simply not cognizable in a federal habeas corpus proceeding. *Austin v. Jackson*, 213 F.3d 298, 300-302 (6th Cir. 2000).  Therefore, this federal court can only consider whether the alleged error violated petitioner's federal constitutional right to due process.

Assuming, arguendo, that petitioner contends the trial judge violated his federal due process rights when he failed to follow established statutory criteria before imposing the consecutive, non-minimum sentences, he has procedurally defaulted such claim.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and

federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985).  If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review.  *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived.  *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th  Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).   If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman*

6

*v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986);

*Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

It is well-settled that in order to satisfy the "fair presentation" requirement, a habeas

corpus petitioner must present both the factual and legal underpinnings of his claims to the state

courts. *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied,* 532 U.S. 958

(2001); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). This means the petitioner must

present his claims to the state courts as federal constitutional issues and not merely as issues

arising under state law. *Franklin,* 811 F.2d at 325 (citing *Koontz v. Glossa,* 731 F.2d 365, 368

(6th Cir. 1984)); *see also Prather v. Rees,* 822 F.2d 1418 (6th Cir. 1987).

A set of four guidelines has been developed for determining whether a claim was

presented in such a way as to alert the court of the claim's federal nature. *McMeans,* 228 F.3d at

681. Under these guidelines, a petitioner may fairly present to the state courts the constitutional

nature of his claim by (1) relying on federal cases employing constitutional analysis; (2) relying

on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the

claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a

specific constitutional right; or (4) alleging facts well within the mainstream of constitutional

law. *Id.*; *Franklin,* 811 F.2d at 326. The use of a "generalized catch-all phrase," which merely

alleges the denial of a fair trial under the United States Constitution, does not adequately alert

the state courts of the constitutional nature of the claim where the "only legal theory presented to

the state courts was predicated entirely upon state evidentiary law." *Franklin,* 811 F.2d at 326.

General statements that the petitioner was denied a "fair trial" and "due process" are not

sufficient to put state courts on notice of a specific federal constitutional claim in the absence of

citation to case law employing federal constitutional analysis. *McMeans,* 228 F.3d at 681 (citing

7

*Petrucelli v. Coombe,* 735 F.2d 684, 688-89 (2d Cir. 1984)).

In this case, petitioner failed to fairly present to the Ohio Court of Appeals the federal due process claim alleged in Grounds One, Two and Three of the petition.  In his brief on appeal to the First District Court of Appeals, petitioner relied solely on Ohio Rev. Code § 2929.14 in arguing that "the trial court failed to place the statutorily required findings on the record" and, as a result, his "maximum sentence or consecutive sentences are not authorized by statute and ought to be vacated."  (*See* Doc. 5, Exh. 8, pp. 3-4).  Therefore, the only legal theories presented to the state appellate court were predicated entirely on state law.

A state appellate court deciding whether a trial court committed prejudicial error under state law faces a different legal question than a state court deciding whether such error amounted to a constitutional due process violation. *Petrucelli,* 735 F.2d at 690 (citing *Steele v. Taylor,* 684 F.2d 1193, 1206 (6th Cir. 1982), *cert. denied,* 460 U.S. 1053 (1983)).  Because the Ohio Court of Appeals was unaware of any constitutional claim, it addressed and determined the issues as argued by petitioner, solely in terms of state law.  The First District Court of Appeals held that Ohio Rev. Code § 2953.08(D) precluded appellate review of petitioner's sentences since the agreed sentences were within the permissible statutory range and were recommended jointly by the defendant and the prosecution and therefore "authorized by law" pursuant to § 2953.08(D). (Doc. 5, Exh. 10 at 2-3).  The Ohio Court of Appeals further determined that findings regarding the imposition of the maximum and consecutive sentences are not necessary because the sentence was an "agreed sentence" and within the bounds of the law. (Doc. 5, Exh. 10 at 3, citing *State v. Engleman* (Aug. 18, 2000), 1st Dist. No. C-990845).

By thus failing to fairly present the federal constitutional claim alleged in Grounds One,

Two and Three of the petition to the Ohio Court of Appeals, petitioner committed a procedural

default.  Even assuming that he raised the constitutional issue in his memorandum in support of

jurisdiction on further appeal to the Supreme Court of Ohio, the claim remains defaulted because

the Supreme Court of Ohio lacks jurisdiction to consider constitutional claims that a defendant

has failed to assert to the Court of Appeals.  *See* Ohio Const. art IV, § 2(B)(2); *see also Leroy v.*

*Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *Fornash v.*

*Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982), *cert. denied,* 460 U.S. 1042 (1983); *State v.*

*Williams,* 364 N.E.2d 1364, 1367 (Ohio 1977) (and cases cited therein), *vacated on other*

*grounds,* 438 U.S. 911 (1978); *State v. Phillips,* 272 N.E.2d 347, 352 (Ohio 1971); *State v.*

*Jones,* 211 N.E.2d 198, 199 (Ohio 1965), *cert. denied,* 383 U.S. 918, 951 (1966).  Because

petitioner failed to provide Ohio's highest state court with an opportunity to correct the alleged

constitutional error, he has waived such claim for purposes of federal habeas corpus review in

the absence of any showing by him of "cause" for his default and actual prejudice as a result of

the alleged error, or that failure to consider the due process claim will result in a "fundamental

miscarriage of justice."  *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,*

456 U.S. at 129; *Sykes,* 433 U.S. at 87.[1]

　　　　Petitioner has not provided any justification as "cause" for his procedural default.  Nor

has he demonstrated that failure to consider any procedurally defaulted claim will result in a

---

[1]　　　In any event, petitioner's due process claim is without merit.  "It is undisputed that convicted defendants, . . . have a due process right to a fair sentencing procedure." *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990).  *See also Austin*, 213 F.3d at 300.  Due process forbids reliance on materially false or unreliable information at sentencing. *Townsend v. Burke*, 334 U.S. 736, 741 (1948).  In order to establish a due process violation based on the use of false information in sentencing, a habeas petitioner must show that the information in question was materially false and that the trial court relied on it. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984), *cert. denied*, 469 U.S. 1196 (1985); *Collins v. Buchkoe*, 493 F.2d 343, 345-46 (6th Cir. 1974).  Petitioner has made no such showing, and there is no contravention of due process here.

fundamental miscarriage of justice.  Accordingly, he has waived any constitutional claim associated with Grounds One, Two and Three for purposes of federal habeas corpus review.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2.  A certificate of appealability should not issue with respect to Grounds One, Two, and Three of the petition, which this Court has concluded are waived and thus barred from review on procedural grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.[2]

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:   8/21/2006                                    s/Timothy S. Hogan
       KI                                                     Timothy S. Hogan
                                                      United States Magistrate Judge

---

[2]     Because this Court finds that petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner stated a valid constitutional claim.  *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ERNEST L. WILLIAMS,                                Civil Action No. 1:04-cv-783
      Petitioner,

                                                Spiegel, J.
      vs.                                               Hogan, M.J.


ERNIE MOORE, WARDEN,
      Respondent.



## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within **FIFTEEN (15) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

11

1:04cv783 Doc.6

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ernest L Williams
419-113
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number
   (Transfer from service label)    7002 0860 0006 5230 5073

PS Form 3811, August 2001        Domestic Return Receipt        102595-02-M-0835