```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

ERNEST L. WILLIAMS,              :
                                 : NO. 1:04-CV-00783
    Petitioner,                  :
                                 :
                                 : **OPINION AND ORDER**
   v.                            :
                                 :
                                 :
ERNIE MOORE, Warden,             :
                                 :
    Respondent.                  :
                                 :

      This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 6), and Petitioner's Objections (doc. 9).

**I. Background**

      Petitioner Ernest Williams, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1).  On January 25, 2003, Petitioner pled guilty to one count of involuntary manslaughter with one firearm specification, and two counts of aggravated robbery with two firearm specifications (doc. 5).  The Hamilton County Court of Common Pleas sentenced Petitioner to ten years for the involuntary manslaughter conviction subsequent to two concurrent five-year terms for the aggravated robbery convictions (doc. 6).  The Court merged the three firearm specifications into one three-year term; thus Petitioner received a total sentence of eighteen years (Id.).

Petitioner appealed his sentence on the ground that the trial court erred in imposing consecutive and maximum sentences without making statutorily required findings (Id.). The First District Court of Appeals of Ohio dismissed the appeal finding it was barred by Ohio Rev. Code § 2953.08(D), which precludes appellate review of a sentence authorized by state law, that was recommended jointly by the Defendant and the prosecution, and that was imposed by the sentencing judge (Id.). On November 26, 2003, the Ohio Supreme Court also denied Petitioner leave to appeal, finding his requested appeal did not involve any substantial constitutional question (Id.). Petitioner next filed a pro se motion to withdraw his guilty plea, which the state trial court denied on October 12, 2007 (Id.). Petitioner appealed such denial, arguing he was denied his right to withdraw his guilty plea and his trial counsel was ineffective and misled him into entering the plea agreement (Id.).

On November 17, 2004, Petitioner filed the instant Petition for Writ of Habeas Corpus, raising three grounds of relief (doc. 1). In ground one, Petitioner claims the trial court erred in sentencing him to consecutive and non minimum prison terms, in ground two, he claims the trial court failed to place the statutorily required findings on the record, and in ground three, he claims the trial court failed to state its felony sentencing findings on the record (doc. 6).

**II. The Magistrate Judge's Report and Recommendation (doc. 6).**

In his August 21, 2006 Report and Recommendation, the Magistrate Judge first found that all three grounds of Petitioner's Petition are not cognizable in habeas corpus, and in any event are procedurally defaulted and waived (doc. 6). The Magistrate Judge, citing Pulley v. Harris, 465 U.S. 37, 41 (1984), reported that there is no federal constitutional right to compel a state court to follow procedures established by state law (Id.). Even assuming, arguendo, that Petitioner claims his due process rights were violated by the state court's alleged failures, the Magistrate Judge found Petitioner has procedurally defaulted such claim (Id.). Petitioner must first present such constitutional claim to the state's highest court in order to satisfy the fair presentation requirement (Id. citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990), Leroy v. Marshall, 757 F.2d 94, 97, 99-100 (6th Cir.) cert. denied, 474 U.S. 831 (1985)). The Magistrate Judge found that Petitioner failed to fairly present any constitutional claim to the state appellate court, and therefore he committed a procedural default of such claim (Id.). Moreover, Petitioner has failed to show "cause" for such default, or that failure to consider his due process claim will result in a fundamental miscarriage of justice (Id.). Accordingly, the Magistrate Judge concluded that Petitioner has waived any constitutional claim associated with grounds one to

three in his Petition, and recommended the Court deny the Petition with prejudice (Id.).

### III. Petitioner's Objection (doc. 9)

In Petitioner's Objection, he argues for the first time that he is entitled to habeas relief for ineffective assistance of counsel (doc. 9). He appears to argue that none of his attorneys raised constitutional due process questions, and he was denied due process during the plea agreement (Id.). Petitioner further cites to Strickland v. Washington, 466 U.S. 668 (1984), regarding the standard for ineffective assistance of counsel (Id.). Petitioner contends that several courts have found habeas relief appropriate where counsel provided false information that proves to be grossly erroneous, and where Defendant can show that he would not have pled guilty in the absence of such erroneous information (Id.).

### IV. Discussion

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-reasoned, and correct. Petitioner's three grounds for relief are based on state law questions, and any federal claim has not been fairly presented to the state's highest court for review. Such procedural default could be excused if Petitioner could show cause or establish that failure to consider his claims would result in a fundamental miscarriage of justice. Wainwright v. Sykes, 433 U.S. 72 (1977),

4

Coleman v. Thompson, 501 U.S. 722 (1991).  However, the record before the Court does not provide any basis to excuse Petitioner's procedural default.  Petitioner essentially claims he is the victim of ineffective assistance of counsel, suggests through citation that he received erroneous information from his attorneys, but offers no explanation as to what information he received that was in error, how this led him to enter a plea of guilty, or how any of the alleged errors relate to the grounds of relief alleged in his Petition.  "Bald assertions of attorney ignorance or inadvertence are not sufficient to demonstrate 'cause,'" Coleman, 501 U.S. at 753.  Petitioner's conclusory assertions are insufficient. Rumler v. United States of America, No. 97-2214, 1999 U.S. App. LEXIS 169, *4 (6th Cir. January 4, 1999).  For these reasons, the Court finds Petitioner's objections without merit, and finds it appropriate to adopt the Magistrate Judge's Report and Recommendation.

Proper notice was provided to the Petitioner under Title 28 U.S.C. § 636(b)(1)(C), including the notice that he would waive further appeal if he failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Court hereby ADOPTS the Magistrate Judge's report in all respects (doc. 6), AFFIRMS the Magistrate Judge's recommended decision (Id.), and DENIES WITH PREJUDICE Petitioner's petition for a writ of habeas corpus pursuant to 28

5

U.S.C. § 2254 (doc. 1).  Further, this Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order adopting the Magistrate Judge's Report and Recommendation would not be taken in "good faith" and DENIES Petitioner leave to proceed on appeal <u>in forma pauperis</u>.  Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).  Finally, the Court FINDS that a certificate of appealability should not issue with respect to grounds one, two, and three of the Petition, which this Court has concluded are waived and thus barred from review on procedural grounds, because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000), which is applicable to procedurally-barred claims.  Because this Court finds Petitioner has not met the first prong of the <u>Slack</u> standard, it need not address the second prong of <u>Slack</u> as to whether "jurists of reason" would find it debatable whether grounds one and two state valid constitutional claims.

    SO ORDERED.


Dated: May 11, 2007        <u>/s/ S. Arthur Spiegel</u>
                                S. Arthur Spiegel
                                United States Senior District Judge